[S. F. No. 5038. In Bank.—December 28, 1908.]

E. R. CLUTE et al., Petitioners, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, and J. M. SEAWELL, Judge, Respondents.

STAY OF INJUNCTION PENDING APPEAL—MANDATORY INJUNCTION.— While an injunction which merely has the effect of preserving the subject of the litigation in *statu quo* is not suspended by an appeal, a mandatory injunction, which compels affirmative action by the defendant, cannot be enforced pending a duly perfected appeal.

ID.—INJUNCTION PROHIBITIVE IN TERMS BUT MANDATORY IN EFFECT—SUPERSEDEAS—CONTEMPT.—If an injunction, though couched in terms of prohibition, is mandatory in effect, a proceeding by the court issuing it to punish a violation as a contempt is in the nature of process for the enforcement of the affirmative feature of the writ; and, if the enforcement of the injunction has been stayed by an appeal, a writ of *supersedeas* may properly be issued by the appellate court to arrest further action by the court below.

ID.—INJUNCTION RESTRAINING MANAGER OF HOTEL FROM ACTING AS SUCH—APPEAL.—In an action by a hotel corporation, to enjoin a person who had been its manager, and was in possession of its property, from holding himself out as such or interfering with the business of the hotel, on the ground that he had been removed from his position by the board of directors, in which the defendant disputed the right and authority of those claiming to act as directors to represent the corporation, an injunction restraining the defendant from collecting or disbursing any money, and from representing himself as manager, and from interfering with, or directing, or attempting to direct or control the employees of the corporation, is mandatory in its effect, and pending an appeal therefrom the defendant cannot be punished in a contempt proceeding for its violation.

ID.—DEFENDANT CLAIMING POSSESSION AS MANAGER.—In such action it is immaterial to the mandatory character of the injunction that the defendant never asserted any ownership or possession in his own right, but simply claimed to be entitled to possession as manager of the corporation.

ID.—STAY-BOND.—FIXING AMOUNT BY COURT.—Assuming that the order for such injunction was in effect an order requiring the delivery of real and personal property, the enforcement of which could not be stayed on appeal unless the appellant gave a bond in an amount to be fixed by the court, as required by sections 943 and 945 of the Code of Civil Procedure, when the appellant requests the court below to fix the amount of an undertaking to stay proceedings thereon, it was its duty to comply therewith, and until, by such compliance, the appellant had been enabled to take the steps necessary to procure a stay, no contempt proceedings for violating the injunction should have been entertained against him.

APPLICATION for a Writ of Review directed to the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

James Alva Watt, and Thos. H. Breeze, for Petitioners.

A. L. Weil, for Respondents.

SLOSS, J.—The petitioners, having been by the superior court adjudged guilty of contempt, and ordered committed to the county jail for a term of forty-eight hours, applied to this court for a writ of review. The alleged contempt consisted in the violation of a temporary injunction, the execution of which had, as was claimed by petitioners, been stayed by an appeal. This court, being of the opinion that *supersedeas,* rather than *certiorari,* was the writ applicable to the case, issued an order to show cause why such writ of *supersedeas* should not issue, in the mean time staying all proceedings on the order appealed from.

The action in which the injunction had issued was commenced in the name of Pacific Grand Hotel and Investment Company, a corporation conducting the Pacific Grand Hotel at San Francisco, against E. R. Clute, one of the petitioners herein. The complaint alleges that Clute was on January 3, 1908, elected treasurer and appointed manager of plaintiff; that on April 3, 1908, he was, by a vote of the board of directors, at a meeting duly held, removed from the office of treasurer and the position of manager. It is alleged that, notwithstanding his removal, Clute still claims to be treasurer and manager, and withholds from the corporation its books, property, and money, and threatens to continue to do so. The prayer of the complaint is that defendant be required to account for funds received or disbursed by him on account of the corporation; that he be required to surrender all corporate books, records, and property to the secretary of the corporation, and that he be enjoined from holding himself out as manager or treasurer or from interfering with the guests or employees of the corporation. Following an order to show cause why an injunction should not issue, the court made an order directing that, upon plaintiff filing an undertaking in the sum of two thousand dollars, a writ of injunction issue restraining the defendant Clute from collecting any moneys of the corporation or disbursing the same except on the written order of the president and secretary, also restraining him from representing himself as manager and treasurer of the corporation and "from interfering with, or directing, or attempting to direct or control the employees of said corporation." A writ of injunction, in accordance with the order, was issued and filed. Upon a showing to the court, by affidavit, that

CLV Cal.—2

Clute, and his co-petitioners, who were acting under him, had prevented one Hickman, an employee of the corporation, from entering the office of the hotel or taking possession of the keys of the various rooms, or of the books, an order to show cause why said petitioners should not be punished for contempt was issued. The hearing resulted in the commitment above referred to.

In the contempt proceedings it was made to appear to the court, and it is not here disputed, that, prior to the alleged violation of the injunction, Clute had duly taken an appeal to this court from the order directing the injunction to issue. On that appeal he had filed a three-hundred-dollar undertaking, in due form.

Upon the question whether that injunction was mandatory or purely prohibitory the present application depends. For it is thoroughly settled that, while an injunction which merely has the effect of preserving the subject of the litigation in *statu quo* is not suspended by an appeal, (*Merced Min. Co.* v. *Fremont*, 7 Cal. 130; *Heinlen* v. *Cross*, 63 Cal. 44; *Swift* v. *Shepard*, 64 Cal. 423, [1 Pac. 493]; *Dewey* v. *Superior Court*, 81 Cal. 64, 22 Pac. 333; *Rogers* v. *Superior Court*, 126 Cal. 183, [58 Pac. 452], a mandatory injunction, i. e., one which compels affirmative action by the defendant, cannot be enforced pending a duly perfected appeal. (*Foster* v. *Superior Court*, 115 Cal. 279, [47 Pac. 58]; *Mark* v. *Superior Court*, 129 Cal. 1, [61 Pac. 436]; *Schwarz* v. *Superior Court*, 111 Cal. 106, [43 Pac. 580]; *Stewart* v. *Superior Court*, 100 Cal. 543, [35 Pac. 156, 563].) If an injunction, though couched in terms of prohibition, is mandatory in effect, a proceeding by the court issuing it to punish a violation as a contempt is in the nature of process for the enforcement of the affirmative feature of the writ. It may be likened to an execution, and, if the enforcement of the injunction has been stayed by an appeal, a writ of *supersedeas* may properly be issued by the appellate court to arrest further action by the court below. *Tyler* v. *Presley*, 72 Cal. 290, [13 Pac. 856], and *Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304, [33 Pac. 123], relied on by respondent, decide nothing in conflict with this view. Both cases dealt with judgments which were operative without any action by the court in which they had been rendered. All that was held was that *supersedeas* was not applicable to such self-executing judgments.

At the hearing of the present application, all the allegations of the petition were admitted to be true. Upon the facts set forth, we think it clear that the injunction in question was mandatory. If Clute was in the actual possession of the hotel and the personal property in it, an order punishing him for preventing another person from entering and taking charge of the books, keys, and other property could have no other purpose or effect than to compel him to turn over his possession to such other, or at least to surrender his theretofore exclusive possession. It appears from the record that Clute, while in the actual management and control of the hotel, never asserted any ownership or possession in his own right, but claimed to be entitled to possession as manager of the corporation. It is, accordingly, contended by the respondent that, as the possession of the servant is, in law, merely that of his master, an order directing the employee to deliver to his employer the latter's property works no change in the possession. The corporation, it is argued, was at all times entitled to the possession and in the actual possession of the hotel and its contents, and a surrender of the custody by one employee to another authorized to receive it leaves the *status* of the property, so far as possession is concerned, unaltered. But this argument fails to take into account the very point that was in dispute in the court below. While the parties seeking to oust Clute claimed to represent the corporation, it appears that he disputed their right and authority to act for it. His answer to the complaint, and the showing made by him in response to the application for an injunction, show that his contention at all times was that the persons who had assumed to remove him as treasurer and manager and had caused suit to be instituted against him in the name of the Pacific Grand Hotel and Investment Company, were not in fact directors of the corporation, and that, accordingly, he, and not the parties whom he was, by the injunction, required to admit to possession and control of the hotel, represented the company. If his contention was correct, the effect of the order appealed from was to require the possession of the corporate property to be transferred from the corporation itself to strangers. The *status* of the parties, at the time the injunction was issued, was this: Clute, claiming to hold on behalf of the corporation, was resisting a right of entry

claimed by persons who, as he asserted, had no. authority from the corporation to take possession. An order turning over the control of the property from him to the other claimants would certainly, if executed, operate to change that *status*. The injunction was, therefore, mandatory in effect, and this regardless of the fact that, in law, the corporation rather than Clute, may be said to have been in possession. It is, therefore, unimportant that the court inserted in its order of commitment a finding that Clute was not in possession of the hotel or its contents. For the purpose of determining the effect of this injunction as mandatory or prohibitory, we must consider the result of an enforcement of the writ on the position of the defendant, as asserted in the court below. If the injunction compels him affirmatively to surrender a position which he holds, and which, upon the facts alleged by him, he is entitled to hold, it is mandatory.

The point is made by respondent that, if the order for an injunction be construed according to Clute's contention, it is an order requiring the delivery of real and personal property, and its enforcement cannot be stayed on appeal, unless the appellant gives a bond in an amount to be fixed by the court. (Code Civ. Proc., secs. 943, 945.) While it is not alleged that any such bond was given, it was shown by Clute in the contempt- proceedings, without contradiction, that he had requested the court below to fix the amount of an undertaking to stay proceedings. Under the views herein stated, it was the duty of the court to comply with this request, and, until, by such compliance, the appellant had been enabled to take the steps necessary to procure a stay, no contempt proceedings against him should have been entertained.

It is ordered that all proceedings on the order appealed from be stayed for a period of five days after notice to the appellant that the respondent has fixed the amount of an undertaking to stay execution, and that, if a good and sufficient undertaking, approved by the court, be filed within said five days, all such proceedings be further stayed during the pendency of the appeal.

Lorigan, J., Henshaw, J., Angellotti, J., and Beatty, C. J., concurred.