Lorenza Peña viuda de Balbás, Josefa Peña Ramos, Alejandro Peña Ramos, y Vicente Balbás Peña, por sí y como componente de la sociedad civil "Peña y Balbás", demandantes y apelantes, v. Pedro Vergne de la Concha, demandado y apelado.

No. 4240.—*Visto:* Junio 2, 1927. *Resuelto:* Julio 26, 1927.

1. Injunction—Injunctions Preliminares o Interlocutorios—Fundamentos y Procedimientos para Obtenerlos—Injunction de Carácter Mandatorio.—Interpuesta demanda para rescindir un contrato y requerir la entrega de libros, dinero y documentos, un *injunction pendente lite* para prohibir al demandado que continúe actuando bajo el contrato y para compelerle a entregar dichos libros, dinero y documentos, tiene el carácter de mandatorio.

2. Injunction—Injunctions Preliminares o Interlocutorios—Fundamentos y Procedimientos para Obtenerlos—Injunction de Carácter Mandatorio.—Aún cuando puedan surgir casos en que un *injunction* mandatorio pueda decretarse preliminarmente, bajo las circunstancias concurrentes *se resolvió* no procedía el remedio solicitado.

3. Injunction—Acciones de Injunction—De la Demanda o Petición—Fundamentos del Remedio en General—Daños Irreparables.—En las peticiones de *injunction* deben alegarse hechos suficientes que establezcan un daño irreparable.

4. Injunction—Naturaleza y Fundamentos en General—Naturaleza y Forma del Remedio—En General.—Un *injunction* no es el remedio apropiado para obligar al pago de dinero.

Resolución de *Pablo Berga,* J. (San Juan), declarando sin lugar solicitud de *injunction* preliminar, sin costas. *Confirmada.*

A. *Marín Marién,* abogado de los apelantes; *C. Coll Cuchí, F. González Fagundo* y *G. Cruzado Silva,* abogados del apelado.

El Juez Asociado Señor Franco Soto, emitió la opinión del tribunal.

La Sociedad Civil "Peña y Balbás" entabló demanda contra Pedro Vergne de la Concha en la que substancialmente alega: que la demandante es dueña de ciertos bienes inmuebles, radicados en Santurce, los que producen aproximadamente rentas mensuales por valor de $2,000; que confiaron al demandado la administración de tales bienes por término de un año, contado desde el 1 de agosto de 1926, conviniendo en satisfacerle el 10 por ciento de la cantidad que cobrara mensualmente por arrendamientos, comisión que se le autorizó a deducir de dichas rentas, debiendo remitir

a los componentes de la sociedad su parte en tales rentas, rindiendo cuentas dentro de los cinco primeros días siguientes a aquél en que cobrase; que en el mismo documento que se convino la prestación de servicios, se le confirió poder al demandado para representar a la demandante ante los Tribunales de Justicia en el cobro de dichas rentas y en acciones de desahucio; que el demandado empezó sus funciones como tal administrador desde agosto 1, 1926, y desde entonces recauda las rentas, pero sin haber remitido a los miembros de la sociedad sus participaciones y sin rendir las cuentas a que se obligó por los términos del contrato; que en vista de lo expuesto, la demandante notificó al demandado que daba por rescindida dicha administración y terminado el poder a partir de marzo 21, 1927, requiriéndole para que cesara en tales funciones y entregara los libros, libretas, dinero efectivo, recibos pendientes de cobro, lista de inquilinos de solares y casas y los demás documentos pertenecientes a la administración; y que el demandado se ha negado a cesar en sus funciones y a hacer la entrega de las cosas para que fué requerido, causando con ello perjuicios y daños, imposibles de precisar y remediar.

Luego de presentada la demanda, la demandante radicó una moción separadamente en la que refiriéndose a su demanda y fundándose en las secciones 1, 2 y 3 (apartados 1 y 2) 5 y 7 de la "Ley para definir los injunctions" aprobada en marzo 8, 1906, solicitaba la expedición de un injunction preliminar por el que se ordenara al demandado que se abstenga de continuar como administrador y apoderado de la demandante y se ordenase además que dicho demandado entregue los libros, libretas, dinero, si lo tuviere, con sus intereses legales desde el 21 de marzo, 1926, y demás documentos relacionados con dicha administración.

La corte inferior después de oir a las partes rehusó expedir el injunction solicitado.

Se tiene establecido como regla general que una corte de apelación no debe intervenir en el ejercicio de la discreción

de una corte inferior en la expedición de un auto de *injunction pendente lite,* a menos que el derecho del peticionario sea claro o que aparezca un claro abuso de discreción.

[1, 2] La moción solicitando el *injunction* descansa solamente en la demanda. Ésta fué interpuesta para rescindir un contrato sobre arrendamiento de servicios y para requerir del demandado la entrega de libros, dinero y demás documentos relacionados en la demanda. El *injunction* pedido tiende no sólo a prohibir al demandado para que continúe actuando como administrador y apoderado de la demandante, sino que también tiene por objeto compeler a dicho demandado la entrega de libros, dinero y documentos mencionados. Bajo este último aspecto el *injunction* tendría un carácter mandatorio. La apelante niega, sin embargo, esta naturaleza del *injunction.*

En el caso de *Clute* v. *Superior Court,* 155 Cal. 19, la corporación demandante solicitó un *injunction* contra Clute para que se abstuviera de continuar de administrador de un hotel perteneciente a la corporación y con el fin de que entregara ciertos libros, récords, etc., a la demandante. Se consideró por la Corte que se trataba de un *injunction* mandatorio.

El apelante aunque reconoce la absoluta analogía que existe entre el caso de Clute y el presente, insiste, sin embargo, en que el *injunction* en este caso no es mandatorio. Quizá pueda explicarse la actitud inconsistente de la apelante en que en el caso de *Clute, supra,* la cuestión versaba solamente sobre los efectos de la apelación de un *injunction* interlocutorio *(restraining order),* que fué violado por el demandado y a quien se castigó por desacato y en la conclusión a que llegó la corte sobre el carácter del *injunction.* Se presentó un *certiorari* y la corte encontró que el remedio más propiamente aplicable era un auto de *supersedeas.* La corte entonces dijo: "La presente solicitud depende de la cuestión de si el *injunction* es mandatorio o puramente prohibitivo. . . . . Con el fin de determinar si este *injunction* es mandatorio o prohibitivo, debemos considerar los resultados

que tendría en el demandado el cumplimiento del auto, según fué resuelto por la corte inferior. Si el *injunction* obliga al demandado a hacer entrega de un cargo que posee y que según los hechos por él alegados tiene derecho a poseer, tal *injunction* es mandatorio.''

El caso de *Hutton* v. *School City of Hammond*, 194 Ind. 212, es otro ejemplo de un *injunction* mandatorio por el que se requería al demandado, arquitecto, la entrega de planos y especificaciones de cierta obra. El apelante cita este caso para diferenciarlo del presente, porque tales planos y especificaciones pertenecían al demandado. El apelante pasa por alto, sin embargo, que en dicho caso se establece la regla general de que un *injunction* mandatorio no debe expedirse hasta que el caso no se oiga enteramente en sus méritos y se dicte el decreto final. La doctrina está acorde con la teoría general de que un *injunction* mandatorio *pendente lite* sólo debe decretarse en casos excepcionales y que raramente se conceden antes de la vista final o antes de que las partes hayan tenido una oportunidad para presentar todos los hechos en forma tal que pongan a la corte en condiciones de juzgar cuál pueda ser la verdad de los mismos. 14 R. C. L. 317. Existe pues la posibilidad de que surjan casos en que el *injunction* mandatorio pueda decretarse preliminarmente, pero bajo las circunstancias de este caso, el que se funda solamente en la demanda y cuyas alegaciones son insuficientes, no procede el remedio solicitado. La corte inferior a este respecto en su resolución dice así:

''No se alegan hechos suficientes que establezcan un perjuicio irreparable, ni hay alegación de que el demandado sea un insolvente o no pueda responder por daños y perjuicios; apareciendo, por el contrario según la escritura de arrendamiento de servicios y poder que acompaña a la demanda y que se hace parte de ella, que el demandado tiene prestada una fianza por una compañía aseguradora, por la suma de $2,500, para responder del cumplimiento de sus deberes y que cubre la responsabilidad desde que tomó posesión del cargo hasta la aprobación de las cuentas finales.''

[3, 4] La apelante insiste en que la alegación de daños irreparables se infiere de las alegaciones de la demanda y no es necesario hacer una alegación expresa de los mismos. Se funda en que los libros y demás documentos que se reclaman no tienen valor monetario y sí lo tienen intrínsecamente. Sin embargo, parecía lo natural que se hubiera hecho una alegación en esa forma. Una mera alegación de "daños irreparables" en una petición para solicitar un *injunction* no es suficiente. Se necesita alegar los hechos como requiere la jurisprudencia. Además, tanto en la demanda como en la moción pidiendo el *injunction,* la súplica se extiende no sólo a la devolución de libros y otros documentos, sino a dinero o fondos en poder del demandado, y es cuestión unánimemente resuelta que el *injunction* no es el remedio apropiado para obligar al pago de dinero.

*Por todo lo expuesto, debe confirmarse la resolución apelada.*