FÉLIX BENÍTEZ REXACH, demandante y apelado, *v.* EL MUNICIPIO DE PONCE, RICARDO SKERRET y GUILLERMO ESTEVES, Comisionado del Interior, demandados, y apelantes los dos últimos.

No. 4978.—*Sometido:* Marzo 11, 1930. *Resuelto:* Abril 7, 1931.

*Procurador General James R. Beverley* y *Arturo Ortiz Toro, Primer Subprocurador General Auxiliar,* abogados del Comisionado del Interior; *Tous Soto & Zapater,* abogados del Señor Skerret; *F. B. Fornaris* y *M. Bahamonde,* abogados del Municipio de Ponce; *C. Coll y Cuchí,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Félix Benítez Rexach presentó ante la Corte de Distrito de San Juan, una demanda contra el Municipio de Ponce,

Ricardo Skerret y Guillermo Estèves, Comisionado del Interior de Puerto Rico. En ella alegó extensamente los hechos que a su juicio le daban derecho a pedir la nulidad de la subasta de obras de mejoras del puerto de Ponce; alegó que la fianza prestada por Skerret y aprobada por el Comisionado del Interior es nula; que la adjudicación se hizo a Skerret teniendo en cuenta el interés de determinados candidatos para alcalde en próximas elecciones y el auxilio en dinero que el adjudicatario se comprometió a prestar a un candidato, y no teniendo en cuenta los intereses públicos, ni los méritos de las proposiciones, material técnico, capacidad, etc.

Los demandados formularon excepciones previas a la demanda, las que fueron declaradas sin lugar por resolución de 28 de febrero de 1929.

En 1 de marzo de 1929, la parte demandante pidió a la corte una orden de *injunction pendente lite,* por la que se prohibiera al demandado Skerret que continuara la construcción de las obras del puerto de Ponce, y que realizara acto alguno que tendiese a hacer ineficaz la sentencia que en este pleito hubiera de recaer en su día.

La corte dictó una orden para que los demandados comparecieran el 21 de marzo, a mostrar causa por la que no se pudiera decretar la prohibición solicitada, librando la orden de entredicho. De lo que ocurrió el día señalado da cuenta la transcripción del récord taquigráfico. Comparecieron: Félix Benítez Rexach, representado por el abogado Sr. Coll y Cuchí; el Comisionado del Interior, por el Subprocurador General Sr. Ortiz Toro; y el demandado Ricardo Skerret, por el abogado Sr. Tous Soto, representado por la licenciada Sra. Joaquina Pérez. Esta última parte pidió la suspensión de la comparecencia, basándose en que no había recibido notificación de la parte actora solicitando el *injunction.* Aparece de las palabras del Juez que éste había concedido al municipio hasta el día último del mes de marzo para presentar su

contestación. El Municipio de Ponce no acudió a esta comparecencia.

El Comisionado del Interior presentó contestación a la demanda, y a la orden para mostrar causa.

El demandado Skerret, se hallaba presente en corte, y su representante profesional manifestó que las obras estaban paralizadas por orden del Comisionado del Interior.

El Subprocurador General se opuso a toda paralización de las obras, por el perjuicio que sufriría el Municipio de Ponce, y el crédito de El Pueblo de Puerto Rico; y sostuvo que la petición de *injunction pendente lite* no aduce hechos suficientes. La representación de la parte demandante, objetó sosteniendo que el Attorney General se arrogaba la defensa del Sr. Skerret, y contestaba la demanda alegando derechos de este señor. La representación del Sr. Skerret retiró la moción de suspensión, e hizo suyas las manifestaciones que presentara el Attorney General; y presentó su contestación a la demanda, anunciando que no comparecía a contestar a la orden para mostrar causa, y renunciaba a ello. El demandante pidió se eliminara la contestación mostrando causa presentada por el Comisionado del Interior, y pidió luego que se dictara la orden de entredicho contra el Municipio de Ponce y el otro demandado Sr. Skerret.

La corte dictó la orden en esta forma:

"La corte dicta una orden de entredicho, dirigida a las tres partes demandadas, para que se abstengan por sí, y por sus agentes, apoderados, mandatarios, o por cualquier persona bajo su jurisdicción de realizar obra alguna relacionada con el pleito en el caso de epígrafe, en el puerto y muelle de Ponce, hasta tanto se disponga otra cosa por la corte, y para ser efectiva la orden de entredicho, la parte demandante deberá prestar una fianza a satisfacción de las tres partes demandadas y de la corte, con fiadores buenos y abonados, o por una compañía de seguros, por la cantidad de $150,000.00."

Contra esa orden apeló el Procurador General, en nombre del Comisionado del Interior.

Contestando la petición de *injunction* el Comisionado del

Interior presentó varias defensas especiales: la de no aducir la petición hechos justificativos de expedición de auto de entredicho; no aparecer de la misma los hechos en que se funda la alegación de daños irreparables; que la anulación de la adjudicación de la subasta a Skerret no implicaría su adjudicación al peticionario; que el contrato de fianza es posterior a la adjudicación, y puede enmendarse; que el interés del demandante es remoto y problemático; que el demandante tiene remedio en ley; y que el perjuicio, de haberlo, es susceptible de computación adecuada. Alegó además que el demandante no viene "con manos limpias"; que la expedición del auto causaría perjuicios graves al Sr. Skerret, que tiene ya dispuestos los materiales, y al Municipio de Ponce, por razones que expone por extenso; y que el demandante ha sido culpable de *laches,* o negligencia en la promoción del procedimiento, porque ha dejado transcurrir más de los treinta días de que habla el artículo 83 de la Ley Municipal.

De la resolución de la corte concediendo el *injunction* pendiente litigio, ha apelado también el Sr. Skerret.

Dos errores, que pueden reducirse a uno, señala el apelante Sr. Esteves, Comisionado del Interior. El uno, por dejar de tomarse en consideración las defensas especiales, y el otro por haberse expedido la orden de entredicho.

La representación del Sr. Skerret, y la del peticionario Sr. Benítez Rexach, nos han privado de su concurso, dejando de presentar alegatos.

■■ En su primera defensa especial el ahora apelante sostuvo que la solicitud de *injunction pendente lite* no aduce hechos justificativos de la expedición de un auto de *injunction.* Y ahora sostiene que no se exponen en la solicitud los hechos en que se funda la conclusión de que el demandante sufriría daños irreparables.

En la petición de *injunction* se copia la demanda con que se inició el pleito. No creemos que el sistema pueda ser recomendable. La petición de *injunction* debe tener los

elementos necesarios para sostenerse por sí misma. Pero, de todos modos, en la demanda lo fundamental es la alegada nulidad de la fianza, la condición de ser la proposición del demandante la mejor y más ventajosa, y la alegada propuesta de que el demandante diera el 5 por ciento del total del precio del contrato para ciertos fondos electorales; y las alegaciones relativas a que el demandado Skerret aceptó contribuir con $10,000 a la campaña electoral de Ponce, siempre que se le adjudicara la buena pro en la subasta de que se trata. Y en la misma petición de *injunction* se alega:

"Segundo: Y específicamente alega el demandante que el demandado Ricardo Skerret, con el conocimiento y consentimiento del codemandado Guillermo Esteves, Comisionado del Interior, y de las autoridades municipales de Ponce, Puerto Rico, ha continuado, y continúa y amenaza continuar la realización de las obras y mejoras en el puerto de Ponce, en las que la buena pro le fué adjudicada, según se alega en la demanda, y amenaza continuar las dichas obras, con graves perjuicios al demandante, ocasionándole con ello daños irreparables que no pueden ni podrán ser adecuadamente compensados con una indemnización pecuniaria."

En el caso *Martínez* v. *P. R. Ry. Light & Power Co.*, 17 D.P.R. 725, este tribunal dijo lo que sigue:

"Pero a más de esto, la demanda es en sí deficiente porque se limita a exponer que con los actos del demandado sufre perjuicios irreparables, pero no expone hechos de donde la corte pueda venir en conocimiento de que efectivamente esos daños son irreparables; y la mera alegación de que se ha sufrido daño irreparable, sin exponer en qué consiste, es insuficiente (Abbot's Trial Brief, vol. 1, p. 837, y casos en él citados)."

Y en el caso *Peña* v. *Vergne de la Concha*, 37 D.P.R. 285, se dijo:

"La apelante insiste en que la alegación de daños irreparables se infiere de las alegaciones de la demanda y no es necesario hacer una alegación expresa de los mismos. Se funda en que los libros y demás documentos que se reclaman no tienen valor monetario y sí lo tienen intrínsecamente. Sin embargo, parecía lo natural que se hubiera hecho una alegación en esa forma. Una mera alegación de 'da-

ños irreparables' en una petición para solicitar un *injunction* no es suficiente. Se necesita alegar los hechos como requiere la jurisprudencia. Además, tanto en la demanda como en la moción pidiendo el *injunction*, la súplica se extiende no sólo a la devolución de libros y otros documentos, sino a dinero o fondos en poder del demandado, y es cuestión unánimemente resuelta que el *injunction* no es el remedio apropiado para obligar al pago de dinero.''

Este es el caso del peticionario Benítez Rexach. De acuerdo con la ley y la jurisprudencia citada, no hay alegación suficiente de daños irreparables en la petición de *injunction*.

Esto es bastante para revocar la resolución apelada, sin necesidad de estudiar y resolver los demás extremos.

*Debe revocarse la resolución apelada.*

El Juez Asociado Señor Wolf no intervino.