[Civ. No. 10199. First Appellate District, Division Two.—May 6, 1936.]

W. K. BOWES et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

Arnold C. Lackenbach for Petitioners.

Rogers, Clark & O'Brien and Freidenrich & Selig for Respondent.

NOURSE, P. J.—The petitioners seek a writ of prohibition restraining proceedings in contempt. An alternative writ was issued by the Supreme Court and transferred to this court for hearing and determination. On the hearing respondent rested on the assumption that the petitioners were acting in violation of a prohibitory injunction pending an appeal. We do not deem this question determinative of the rights of the parties and will therefore refrain from deciding it. The real issue goes deeper than this—it is the question of the jurisdiction of the trial court to entertain any proceeding for contempt against these petitioners on the pleadings before us.

Acting under a contract designated a voting trust the petitioners had elected themselves as three of the five directors of the Six-Twenty Jones Corporation which was engaged in the operation of an hotel in San Francisco. A minority of the stockholders, who became dissatisfied with the management of the hotel, sued for the removal of petitioners as voting trustees and for the appointment of other trustees in their stead. On March 7, 1936, judgment was entered removing two of the petitioners as such trustees and enjoining them from designating a successor and from doing any act or exercising any right under the voting trust agreement. Prior to the entry of the judgment these two petitioners had delivered their power of attorney and proxy for the voting of all stock of the hotel company held in their names as trustees. On March 9th, at a meeting of the stockholders of the hotel company, this stock was voted by the proxy designated. For these acts the parties executing the proxy and the one to whom the proxy was given were cited for contempt.

The alternative writ should be made peremptory. The main action sought the removal of petitioners as voting

trustees because of acts performed by them as directors of the hotel company. It was not brought under section 310 of the Civil Code and did not meet any of the requirements of that section. The complaint did not plead any act as trustees which would give rise for a demand for the removal of petitioners. When the trial court ordered their removal as trustees it changed their status to such an extent that their appeal necessarily stayed the judgment in so far as it required them to take any affirmative action. (*Clute* v. *Superior Court,* 155 Cal. 15 [99 Pac. 362, 132 Am. St. Rep. 54]; *Foster* v. *Superior Court,* 115 Cal. 279 [47 Pac. 58].)

Though the petitioners were charged with a violation of the injunction the affidavit does not allege any violation. Before the judgment was entered two of the petitioners delivered their proxy and power of attorney to the third. This they were authorized to do by the trust agreement. After the judgment the one to whom the proxy was given voted the stock at a regular stockholders' meeting. The two who gave the power of attorney did nothing after the judgment was entered. The one who voted the stock was not enjoined and did nothing that he was not authorized to do under the trust agreement or under the judgment. The other two were not charged with any overt act as trustees in contempt of the injunction. If their remaining passive in not revoking the proxy is the act sought to be charged as contemptuous, then they were excused by the appeal from affirmatively revoking or recalling the power given before entry of the judgment.

Let a peremptory writ issue as prayed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 5, 1936, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1936. Curtis, J., and Langdon, J., voted for a hearing. Nourse, J., *pro tem,* being disqualified, did not participate therein.