[Civ. No. 3369.   Fourth Dist.   Nov. 15, 1944.]

THE PEOPLE, Respondent, v. WALTER STUTZ, Defendant; FRANK MITCHELL et al., Petitioners.

James B. Abbey for Petitioners.

J. F. DuPaul, City Attorney, and Bertrand L. Comparet, Deputy City Attorney (San Diego), for Respondent.

MARKS, J.—This is a petition by Frank Mitchell and Jeanette Mitchell for a writ of supersedeas to stay, pending appeal, the execution of a judgment declaring that the use of the second, third and fourth stories of a building on Third Street, between Broadway and "C" Street in the city of San Diego, is dangerous to life and property, and that those portions of the building constitute a public nuisance, and ordering that all use of such portions of the building cease until major changes be made, including the removal of the fourth floor.

The building is owned by defendant Walter Stutz and petitioners are tenants of the three stories involved. The first floor is occupied by a restaurant and a night club and is not involved here or in the abatement action. The other three floors are used as a hotel accommodating an average of ninety guests.

It is admitted that the action is not brought under any specific state law or ordinance of the city of San Diego, but under the general powers of a municipality to abate a public nuisance under the provisions of section 731 of the Code of Civil Procedure. It is also admitted that there is no state law or ordinance of the city of San Diego which requires the remodeling of a building long constructed, in the manner required by the judgment, although the method of construction appearing in the building in question is not now permitted.

The building was constructed over fifty years ago. The trial court found that it "was built in form and of materials quite commonly used at that time; and it is in its present form, not substantially changed in form or materials from its condition at the time of its construction, except as to normal wear and tear suffered by a building of such age, and except insofar as the passage of time has caused the wood in said building to become older, drier and more highly inflammable; that at the time said building was constructed, no statute or ordinance specifically forbade such construction." The trial court also found various defects in construction that rendered the three upper stories of the building a firetrap and dangerous to the occupants and to adjoining buildings in case of fire.

In deciding a petition for supersedeas we have nothing to do with the ultimate decision of the appeal on its merits and we must presume the truth of the findings of the trial court. (*Canavarro* v. *Theatre etc. Union,* 15 Cal.2d 495 [101 P.2d 1081]; *Smith* v. *Smith,* 18 Cal.2d 462 [116 P.2d 3].)

█ It is well settled that a mandatory injunction is stayed on appeal while a prohibitory injunction is not so stayed. While these rules are certain and well established it is often difficult to determine whether or not an injunction which is merely prohibitory in its terms is mandatory in its effect.

The Supreme Court had such a question before it in *Byington* v. *Superior Court*, 14 Cal.2d 68 [92 P.2d 896], where it was said:

"What may appear to be negative or prohibitory frequently upon scrutiny proves to be affirmative and mandatory. The authorities indicate that an injunctive decree that compels the surrender of the lawful possession of real property amounts to the granting of affirmative relief and is mandatory in character. (*Clute* v. *Superior Court*, 155 Cal. 15, 18-20 [99 P. 362, 132 Am.St.Rep. 54]; *Joerger* v. *Mt. Shasta Power Corp.*, 214 Cal. 630, 637, 638 [7 P.2d 706].)"

A similar situation was before the court in *Feinberg* v. *One Doe Co.*, 14 Cal.2d 24 [92 P.2d 640], where it was said:

"Although the form of the order appealed from purports to be prohibitive in that defendants are enjoined and restrained 'from employing, and continuing to employ, or hereafter employing Amelia Greenwood while she is not a member in good standing of said International Ladies' Garment Workers Union', it is quite obvious that said order is in its essence and effect a mandatory injunction. It is an order compelling affirmative action on the part of the defendants. Inasmuch as Amelia Greenwood at the time of the issuance of the order was already in the employ of the defendants, and the very controversy arose out of the *continuance* in employment of said Amelia Greenwood, it is apparent that the result intended to be accomplished by the issuance of said order was the compulsory release of said Amelia Greenwood from employment by the defendants. In short, the order directed and commanded defendants to discharge said employee." Thus it was held to be stayed by appeal.

In *Ambrose* v. *Alioto*, 62 Cal.App.2d 680 [145 P.2d 32], it was said:

"An injunction or decree is purely prohibitory, which merely has the effect of preserving the subject of the litigation *in status quo*, while, in general, an injunction or decree is mandatory if it has the effect of compelling the performance of a substantive act and necessarily contemplates a change

in the relative position or rights of the parties *at the time the injunction is granted or the decree entered.* Hence, if the injunction compels a party affirmatively to surrender a position which he holds and which upon the facts alleged by him he is entitled to hold, it is mandatory. (*Clute* v. *Superior Court,* 155 Cal. 15 [99 P. 362, 132 Am.St.Rep. 54]; *Mark* v. *Superior Court,* 129 Cal. 1 [61 P. 436]; *Foster* v. *Superior Court,* 115 Cal. 279 [47 P. 58]; 14 Cal.Jur. p. 179, sec. 6.)''

■ The judgment declared the three upper stories of the building to be a public nuisance, dangerous to life and property, and provided that the nuisance ''shall be abated forthwith, by the immediate and total cessation of all use of said second and/or third and/or fourth story for the purposes of an hotel or rooming or lodging house or other human occupancy.

''IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the use of any part of said building above the first story thereof for the purposes of an hotel or rooming house or lodging house, or other human occupancy, shall not be continued or resumed until said building shall have been reconstructed, as follows:'' Then followed five separate descriptions of the reconstruction required before the building could be reoccupied as a hotel which included the removal of the entire fourth floor.

Petitioners held possession of the three stories of the building under a lease with the owner. They in turn rented rooms to guests in the average number of ninety. At the time the lease between the owner and petitioners was entered into the transaction was perfectly legal and the use of the premises as a hotel was not contrary to any law or ordinance. Nor was the renting of rooms to guests by petitioners contrary to any law or ordinance. It it clear that while the injunction did not in express terms command petitioners to vacate the building and to cancel their contracts with the occupants of the rooms by compelling them to vacate, such was the necessary effect of the order. The changes in the building were major and it is clear that it could not be occupied by guests during the period of reconstruction. Thus petitioners' right to use the property under their lease was interfered with. Such a right is a vested property right. Also petitioners' contracts with their guests would of necessity be terminated during the period of remodeling. Thus the injunction necessarily contemplated, and its enforcement would compel a change in the

position and rights of petitioners and force them to surrender a position and property rights which they lawfully held at the time it was issued by causing them and their tenants to vacate during the remodeling period. Thus by requiring an affirmative action on the part of petitioners and the abandonment of their property rights, the effect of the injunction is mandatory and is automatically stayed by the appeal. (*Ambrose* v. *Alioto, supra.*) Under these circumstances there is no occasion for the issuance of a writ of supersedeas. (See *Clayton* v. *Schultz,* 12 Cal.2d 703 [87 P.2d 355].)

There is no intimation that contempt proceedings have been or will be instituted against petitioners. If any such proceedings are started the need and right to apply for the writ may arise. (*Smith* v. *Smith, supra.*)

The petition for a writ of supersedeas is denied without prejudice to making another application therefor should proper occasion arise.

Barnard, P. J., and Griffin, J., concurred.