[Civ. No. 10066. Third Dist. Aug. 11, 1960.]

THOMAS C. BOWERS, Respondent, v. DEPARTMENT OF EMPLOYMENT et al., Appellants.

Stanley Mosk, Attorney General, E. G. Benard, Walter J. Wiesner, B. Abbott Goldberg and Charles A. Barrett, Assistant Attorneys General, for Appellants.

Raymond Leonard, Hewitt & McBride, McCutchen, Doyle, Brown & Enerson and Loyd W. McCormick for Respondent.

PEEK, J.—This proceeding arises out of a labor dispute existing at petitioner's ranch in Butte County. On August 1, 1960, the Organizing Committee of the AFL-CIO picketed petitioner's ranch. Thereafter when he sought the referral of agricultural workers for employment at his ranch respondents refused, basing such refusal upon the ground that under the provisions of the Wagner-Peyser Act, 48 United States Statutes 113, 29 U.S.C.A., section 49, the existence of the labor dispute forbade referrals. On August 3, 1960,

he filed his "Petition for Writ of Mandate and for Temporary Restraining Order" in the superior court of said county. By that petition he sought an order of the court commanding respondents to refer available agricultural workers to him for employment and further sought the issuance of a provisional interim order that the respondents refrain from refusing to refer available workers. Thereafter the trial court issued its alternative writ of mandate and a temporary restraining order. On the following day, August 4, respondents moved the trial court to dissolve the temporary order, which motion was denied. At the same hearing the court issued a temporary injunction which commanded the respondents to "refer available agricultural workers to petitioner as in said Petition prayed" and restrained them from "failing or refusing to refer available agricultural workers to petitioner." Thereupon respondents appealed from said injunctive order. On August 5 respondents filed a petition for a writ of supersedeas wherein they sought to stay enforcement of the preliminary injunction pending determination of the appeal. On the same day this court issued its order noticing said petition for hearing on August 8. At that hearing respondents made two major contentions: (1) That the order of the trial court, being mandatory in character, its operation was automatically stayed by the taking of the appeal; and (2) that by reason of the time element and the nature of the controversy this court should also in effect determine the appeal on its merits; that is, the respondents sought a ruling by this court at this time that the action of respondents in refusing to refer agricultural workers under the existing conditions was in accordance with valid rules and regulations as set forth in appropriate provisions of said Wagner-Peyser Act and the rules and regulations thereunder adopted by the United States Secretary of Labor pursuant thereto.

It is our conclusion that the order made by the trial court on August 4 and appealed from is mandatory in character and hence has been stayed by the appeal and cannot be enforced pending the appeal. We therefore deem it unnecessary to discuss the merits of the appeal, and in addition such a discussion would, in our view, be premature at this time, particularly in view of the fact the trial court has set the trial in the mandate proceeding for August 15.

Furthermore it is settled that on a motion for supersedeas the merits of the appeal are not brought before the appellate court for decision.

The order of the court which is under attack on the appeal commands the department to "refer available agricultural workers to petitioner" and enjoins the department "from failing or refusing to refer available agricultural workers to petitioner upon its demand therefor." There can be no question but that if the injunction is mandatory in character it is automatically stayed by the appeal. On the other hand it is equally well settled if the injunction is prohibitory it is self-executing and its operation is not stayed by an appeal. (*Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174 [114 P.2d 579].) It is apparent from the record that if the injunction were enforced the respondents would be compelled to refer workers to Bowers' ranch on application therefor. Quite obviously this would change the "status quo" since, absent the injunction, the respondents had refused to make such referrals. It necessarily follows that since the injunction requires affirmative action, changing the "status quo," it is mandatory in effect. (*Byington* v. *Superior Court,* 14 Cal.2d 68 [92 P.2d 896] ; *Joerger* v. *Mt. Shasta Power Corp.,* 214 Cal. 630 [7 P.2d 706] ; *Clute* v. *Superior Court,* 155 Cal. 15 [99 P. 362, 132 Am.St.Rep. 54] ; *Podesta* v. *Linden Irrigation Dist.,* 132 Cal.App.2d 250 [281 P.2d 905].)

Although we have concluded the injunction is mandatory and automatically stayed by the appeal, nevertheless to obviate any question in this regard we deem it appropriate that the writ issue as prayed for.

Let the writ of supersedeas issue.

Van Dyke, P. J., and Schottky, J., concurred.