[Civ. No. 6550.  Third Dist.—April 14, 1941.]

ERNEST POMIN et al., Petitioners, v. SUPERIOR COURT OF EL DORADO COUNTY, Respondent.

H. J. Kleefisch for Petitioners.

Thomas Maul for Respondent.

THE COURT.—Petitioners seek, by writ of review, to annul an order adjudging them guilty of contempt, and fining each of them in the sum of $75. R. H. Strosnider, as plaintiff, and petitioners as defendants, joined issue in an action to establish the existence of a right of way. On April 24, 1940, a judgment was entered therein, embodying the following injunctive relief:

"It is hereby ordered, adjudged and decreed that the defendants, their attorneys, agents, servants, employees, heirs, executors and assigns do absolutely refrain and desist from encroaching on, or obstructing or otherwise interfering with plaintiff's and interveners' use and enjoyment, and the use and enjoyment of each or any of them, their heirs, successors, or assigns of that forty foot strip or right of way first described hereinabove, and all of the said easements or rights of way described hereinabove, and the said defendants, their said agents, attorneys, employees, servants, heirs, executors, successors and assigns are further ordered to refrain, and are perpetually enjoined and restrained from obstructing or encroaching upon, or otherwise interfering with plaintiff's and interveners' use and benefit, and the use and benefit of their respective heirs, successors or assigns, of any of the rights of way or easements mentioned or described in those certain instruments dated March 13, 1913, and June 9, 1923, and recorded in Books 99 and 81, of Deeds, at pages 361 and 546, respectively, in the office of the Recorder of the County of El Dorado, State of California, and declared in said in-

struments to be appurtenant to the said N½ of the SW¼ of Section 17, and all of the NW fractional quarter of said Section 17.

"It is further ordered, adjudged and decreed that the said defendants be, and they are hereby ordered to remove all obstructions from the rights of way or easements hereinabove mentioned, and are further restrained from maintaining or continuing any obstructions to any portion of said easement or right of way as hereinabove described and referred to."

An appeal from said judgment was duly taken to the Supreme Court, and is now pending therein.

On June 28, 1940, Strosnider filed an affidavit in the superior court, wherein he charged petitioners with contempt of court, in the following language:

"That notwithstanding the aforesaid judgment, and notwithstanding the service of a copy thereon on the said defendants, the said defendants, having notice and knowledge of said judgment and the requirements therein, have wilfully, maliciously and in contemptuous disregard of the orders of this court, failed and refused to comply and abide by the orders of this court, and have failed and refused to cease and desist from interfering with the enjoyment of said right of way and easement by the plaintiff and the interveners, and have failed and refused to comply with the order of this court to remove all obstructions from the right of way or easement, in that the said defendants and each of them have, in contemptuous disregard of the orders of this court, continued to maintain a wire fence across said right of way with a sign containing the following language: 'Private Property, Trespassers will be prosecuted'; that said sign was a new sign freshly painted since the order of the court was made and placed upon said premises; that in addition to said sign and fence, the said defendants have, since the making of the order and judgment in the above entitled case, caused said right of way to be obstructed by blocking the same with an old dilapidated motor vehicle or truck, the same being placed squarely across the traveled portion of said right of way or easement; that all of said acts have been done by the defendants for the sole purpose of preventing the plaintiff and interveners and others from using and enjoying said right of way, and was done in contemptuous disregard of the orders

of this court, and in order to thwart and disobey the orders of this court.''

An order to show cause why these petitioners should not be adjudged guilty of contempt was issued. Petitioner E. H. Pomin filed an affidavit averring that the truck in question was not placed in said right of way subsequent to the rendition of the said judgment, and that the sign mentioned was defaced, and it was necessary that it be restored to its original condition.

The only oral evidence taken at the hearing was the testimony of Strosnider. We have gone over the record and find that the only change of conditions with reference to the right of way which was observed by him was the fact that the sign referred to in his affidavit had been placed there during the month of May. This sign was placed upon a fence which had been across the right of way before the judgment was entered, and supplanted one which had been nailed to a tree at the side of the right of way prior to the original judgment.

In its order adjudging petitioners guilty of contempt, the court bases its conclusions upon two specific violations of its decree—first, that the sign was placed upon the fence across the right of way, and second—that petitioners ''have continued to maintain said wire fence across said right of way since the making of said judgment, decree and injunction.''

It is first contended by petitioners that the injunction was mandatory in character; hence, it was stayed by the appeal. The rule governing the situation is as follows:

''It is well settled that a prohibitory injunction is not stayed by an appeal therefrom while an injunction mandatory in character is automatically stayed by appeal. (*Joerger* v. *Mt. Shasta Power Corp.*, 214 Cal. 630, 637 [7 Pac. (2d) 706]; *Ohaver* v. *Fenech*, 206 Cal. 118 [273 Pac. 555]; *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827].) Whether an injunction is prohibitory or mandatory in character is not always easy of determination. What may appear to be negative or prohibitory frequently upon scrutiny proves to be affirmative and mandatory.'' (*Byington* v. *Superior Court*, 14 Cal. (2d) 68–70 [92 Pac. (2d) 896].)

In 14 California Jurisprudence, page 179, section 6, it is said:

''An injunction is purely prohibitory which merely has the effect of preserving the subject of the litigation *in status*

*quo,* while, in general, an injunction is mandatory if it has the effect of compelling the performance of a substantive act and necessarily contemplates a change in the relative position or rights of the parties at the time the injunction is granted or the decree entered. Hence if the injunction compels a party affirmatively to surrender a position which he holds and which upon the facts alleged by him he is entitled to hold, it is mandatory.''

■ At the time the decree containing the injunction was entered, this right of way could not be used for vehicles. The evidence shows that a truck was then placed squarely across it. This truck was not on wheels, but rested upon blocks. In addition, there was a fence across it. Thus, it was in no condition to be used by anyone. The road was completely closed prior to the litigation, and to maintain the *status quo,* no prohibitory injunction was required, nor could one be enforced pending the appeal, for to do so would change the relative rights of the parties. If the roadway had been clear and open to travel *prior to the action,* a prohibitory injunction would have been proper, as it would then be in furtherance of preserving the subject of the litigation *in status quo.* As we construe the injunction, it is mandatory in character, and was therefore stayed by the appeal. ■ Furthermore, the *change of location* of the sign which had been upon the right of way prior to the action, could scarcely be regarded as an intentional disregard of the terms of the decree. In 5 California Jurisprudence, page 945, section 41, it is said:

''As a proceeding to punish for constructive contempt is criminal or *quasi*-criminal in its nature, the guilt of the accused must be established by clear and satisfactory evidence to sustain a conviction. A mere preponderance of evidence is not enough.''

The other act referred to by the court, relating to the maintaining of the fence, clearly involves the performance of an act—the removal of the fence—which would change the relative rights of the parties, and the prohibition thereof makes the injunction in reality a mandatory one.

We are satisfied, in so far as the acts mentioned are concerned, the injunction is a mandatory one, and the appeal had the effect of staying the injunction in relation thereto.

In conclusion, it may be pointed out that the action here was one to quiet title to the right of way. The injunctive relief was ancillary to the action, and until the merits of the case are finally adjudicated, defendants should not, pending the appeal, be forced to surrender a position which admittedly they held prior to the commencement of the action.

The order is annulled.