[L. A. No. 17965.   In Bank.—Aug. 20, 1941.]

LOUCILLE RAWLEIGH SMITH, Plaintiff and Respondent, v. QUENTIN ROLAND SMITH, Appellant; SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

George Stahlman, Harry Duckett and Morriss Lavine for Appellant.

Arthur Wm. Green, J. H. O'Connor, County Counsel, and S. V. O. Prichard, Assistant County Counsel, for Respondent.

CARTER, J.—Petitioner seeks a writ of *supersedeas* staying proceedings on an order, *pendente lite,* made by respondent superior court in a divorce action.

Respondent Loucille Rawleigh Smith and petitioner are husband and wife, having two minor children. The family has been residing in their home. Petitioner alleges that the home is community property; that is denied.

On May 13, 1941, said respondent commenced an action for divorce against petitioner in respondent superior court including therein a petition for temporary alimony, support for the children and to compel defendant to do certain things. After a hearing on that petition and on May 16, 1941, the court made the order here in question, adjusting the domestic affairs of the parties pending the divorce action, and providing among other things: "Court orders defendant to *move from the home forthwith.* . . . Defendant to authorize the broker to sell out the brokerage account, deliver the proceeds from said sale to plaintiff's and defendant's attorneys, and they are to choose a trustee with whom to deposit the money, said money to be used to support the plaintiff and the children."

The "home" mentioned in the order is the family home to which reference is heretofore made. Respondents in their answer to the petition for the writ of *supersedeas* alleged that the order to vacate the home was made because of petitioner's breaking the furniture, shooting firearms and threatening Mrs. Smith in the home. On May 20, 1941, petitioner appealed to this court from the above-quoted portions of the order. On May 20, 1941, an order to show cause why petitioner should not be punished for contempt for failure to comply with said order was issued. On May 22, 1941, the court adjudged petitioner guilty of contempt on the ground that petitioner has failed and still does fail to comply with the order; the court granted a temporary stay of execution on that judgment. Respondents allege that the operation of the contempt judgment has been stayed by *habeas corpus* proceedings which were set for hearing June 17, 1941. It cannot be ascertained from that judgment whether petitioner was found to have violated all of the requirements of the order or only the portions from which the appeal was taken. The affidavits in support of the order to show cause are not in the record. Petitioner alleges that the contempt consisted of his failure to vacate the home; respondents allege that it consisted of conduct in violation of the order. Respondents claim that the acts upon which the contempt judgment was based occurred prior to the perfection of the appeal; petitioner claims that the order to show cause was served on him the same day he filed his notice of appeal but later in that day, and of course the hearing and judgment for contempt occurred after the appeal was taken.

Petitioner urges that the portion of the order commanding him to vacate the home was void because the court had no jurisdiction to make it in that it violates sections 156 and 157 of the Civil Code. He also claims that no proper hearing was had as a basis for the order. This, however, is a proceeding to obtain a writ of *supersedeas* as a corrective remedy. ■
An application for a writ of *supersedeas* in this court is an auxiliary process in aid of its appellate jurisdiction to stay proceedings on the order or judgment from which the appeal is taken. (*Stewart* v. *Hurt,* 9 Cal. (2d) 39 [68 Pac. (2d) 726]; *City of South Gate* v. *City of Los Angeles,* 6 Cal. (2d) 593 [58 Pac. (2d) 1288]; *McCann* v. *Union Bank & Trust Co.,* 4 Cal. (2d) 24 [47 Pac. (2d) 283]; *Rosenfeld* v. *Miller,* 216 Cal. 560 [15 Pac. (2d) 161].) It is not the function of such

a writ to reverse, supersede or impair the force of, or pass on the merits of the judgment or order from which the appeal is taken; the validity of such judgment or order is to be reviewed on the appeal therefrom. (*Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123]; *In re Graves*, 62 Cal. App. 168 [216 Pac. 386]; see also *Feinberg* v. *One Doe Co.*, 14 Cal. (2d) 24, 27 [92 Pac. (2d) 640].) Its purpose is merely to suspend the enforcement of the judgment pending the appeal. (See cases cited, *supra.*)

Perfecting an appeal from certain judgments or orders effects a statutory *supersedeas* or stay of the execution or enforcement thereof. (Code Civ. Proc., sec. 949.) ■ In the absence of a statutory provision to the contrary, the enforcement of a mandatory injunction is stayed by the perfection of an appeal pursuant to section 949 of the Code of Civil Procedure. (*Byington* v. *Superior Court*, 14 Cal. (2d) 68 [92 Pac. (2d) 896]; *Feinberg* v. *One Doe Co.*, *supra*; *Joerger* v. *Mt. Shasta Power Corp.*, 214 Cal. 630 [7 Pac. (2d) 706]; *Ohaver* v. *Fenech*, 206 Cal. 118 [273 Pac. 555]; *Baar* v. *Smith*, 201 Cal. 87 [255 Pac. 827].)

■ The portion of the order here involved commanding petitioner to vacate the family home, whether it be valid or invalid, is in the nature of a mandatory injunction. (See *Luitwieler* v. *Superior Court*, 54 Cal. App. 528 [202 Pac. 165].) Such an order is obviously mandatory on its face. It commands the doing of an affirmative act, to-wit: vacation of the property upon which petitioner is now residing. We conclude therefore that further proceeding on the part of the court compelling petitioner to vacate the family home is automatically stayed by the appeal therefrom on May 20, 1941.

■ It cannot be doubted that a proceeding in contempt is a process for the enforcement or execution of an order or judgment of the court which is in the nature of an injunction. (*Feinberg* v. *One Doe Co.*, *supra.*) Here the petitioner was cited for contempt for violating the order and adjudged guilty, and petitioner alleges that the court threatens to execute the punishment imposed; respondents assert the petitioner is admitted to bail pending *habeas corpus* proceedings. It had no jurisdiction to make such an adjudication inasmuch as all proceedings for enforcement of the order were automatically stayed on May 20, 1941, the date the appeal was

perfected and prior to the hearing and judgment in the contempt proceeding.

Respondents urge that *supersedeas* is not appropriate when there is an automatic statutory stay as in the case at bar. (*Foster* v. *Foster*, 5 Cal. (2d) 669 [55 Pac. (2d) 1175].) As a general rule that is true, but here the court has proceeded to hear the contempt matter and thereby enforce execution of its judgment after the appeal was perfected. Under such circumstances the writ may serve in a corrective capacity. As stated by this court in the case of *Feinberg* v. *One Doe Co.*, *supra*, p. 28:

"There would, of course, be no need for the issuance of any writ if the lower court was not mistakenly attempting to enforce obedience to the order appealed from. (*Foster* v. *Foster*, 5 Cal. (2d) 669 [55 Pac. (2d) 1175]; *Joerger* v. *Mt. Shasta Power Corp.*, 214 Cal. 630 [7 Pac. (2d) 706].) But the ground of the application to this court for the writ of *supersedeas* is the fact that the lower court has already issued an order to show cause why appellants should not be found guilty of contempt for refusal to comply with the order appealed from." A writ may be granted as a corrective measure to rectify proceedings already had in violation of a statutory *supersedeas* such as we have here. (*McAneny* v. *Superior Court*, 150 Cal. 6 [87 Pac. 1020]; *Owen* v. *Pomona Land etc. Co.*, 124 Cal. 331 [57 Pac. 71]; *Holcomb* v. *Juster*, 39 Cal. App. 462 [179 Pac. 445].) There is nothing in the case of *Messenkop* v. *Duffield*, 211 Cal. 222 [294 Pac. 715], inconsistent with such a rule because there the *judgment was completely executed before the supersedeas* became effective. Respondents also urge in this connection that petitioner's conduct in violation of the order here involved occurred prior to the time that the appeal was taken and that *supersedeas* either statutory or otherwise cannot be retroactive. This contention is not persuasive because the order to show cause in the contempt proceeding was issued on May 20, 1941, the same day the appeal was perfected, and the hearing on the contempt charge and the adjudication thereon did not occur until May 22, 1941, two days after the proceedings had been stayed by a statutory *supersedeas*. It is the process of the court invoked to enforce the judgment from which the appeal is taken which is involved in *supersedeas* proceedings, not the time of the conduct of the parties giving rise to the operation of such

process.   In the case at bar, the process, the contempt proceeding, was invoked after the automatic stay of the order.

■   What has heretofore been said applies, of course, only to that portion of the order commanding petitioner to vacate the home.   As we have seen, an appeal was also taken from the portion of the order commanding petitioner to have his broker sell his securities and turn the proceeds over to the counsel for petitioner and Mrs. Smith to be by them delivered to a trustee who was to use the same to support the children. This order is in effect either an order for the payment of money for the support of the children, or for the delivery of personal property.   In either case its enforcement would not be stayed automatically by perfecting an appeal.   If it is considered an order for the payment of money an undertaking is necessary to accomplish a stay of execution (Code of Civil Procedure, sec. 942) ; if it is for the delivery of personal property there is no stay of execution unless the property is placed in the custody of an officer of the court.   (Code of Civil Procedure, sec. 943.)

It is therefore ordered that a writ of *supersedeas* issue commanding said respondents to refrain from taking any proceedings on that portion of said order directing petitioner to vacate said family home or on that certain judgment finding petitioner guilty of contempt rendered by said superior court on May 22, 1941, insofar as said judgment is based upon a violation of the above-mentioned portion of said order.

Gibson, C. J., Shenk, J., Curtis, J., Edmonds, J., and Traynor, J., concurred.