[Civ. No. 3142.   Fourth Dist.   Jan. 31, 1944.]

ANNIE L. AMBROSE et al., Respondents, v. MARY ALIOTO, Appellant.

Sloane & Steiner for Appellant.

Gray, Cary, Ames & Driscoll for Respondents.

GRIFFIN, J.—Plaintiffs brought suit in the Superior Court of San Diego County for specific performance of a certain agreement entered into between them and defendant Mary Alioto with respect to a fishing vessel named Dependable, which was enrolled under the name of Mary Alioto, as owner. On September 24, 1943, judgment was entered in favor of plaintiffs. By the terms of the judgment defendant was required to execute a bill of sale conveying to plaintiff Annie L. Ambrose a one-half interest in the vessel, and to plaintiff Joe Alioto a one-tenth interest. The judgment further contained the following provision:

"Now, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED, that the defendant Mary Alioto and all persons under her control, at her direction or on her behalf, be and the said defendant and all such persons are hereby enjoined and restrained from delivering to Sun Harbor Packing Company, or to anyone other than Westgate Sea Products Co., any fish caught on any fishing voyage made by the vessel DEPENDABLE."

Neither Sun Harbor Packing Company nor Westgate Sea Products Co. was named as party plaintiff or defendant in

the action. Notice of appeal from that judgment was filed October 1, 1943. At that time defendant executed the bills of sale above mentioned and deposited them with the clerk under the provisions of section 944 of the Code of Civil Procedure to abide the judgment of the appellate court. Due notice was given respecting the reporter's and clerk's transcripts.

It is alleged in the petition that the purpose of defendant in defending the action in the lower court and in prosecuting her appeal was to have her title in the Dependable quieted against the respondents; that the Sun Harbor Packing Company and Westgate Sea Products Co. are both canners of fish in the port of San Diego; that there are at least two other canners in that port and many others in the Los Angeles port; that the supply of raw fish is limited and there is competition among the canners to obtain catches from fishing vessels; that the prices paid for such fish by canners are governed by federal ceiling regulations and fish brings the same price from one as from another; that shortly prior to the commencement of this action defendant was in actual and exclusive control of the vessel and the only person appearing on the records of the United States Customs Office as entitled to management of it; that until May 6, 1943, Westgate Sea Products Co. held a contract for delivery of all catches of fish to such cannery, but such contract expired on that date, and thereupon defendant, as such owner, contracted to deliver the catch of such vessel thereafter to Sun Harbor Packing Company, and during the pendency of such action she continued to make delivery to Sun Harbor Packing Company and desires that such delivery shall continue; that the master of the vessel at the time of the commencement of this action and ever since has been under standing orders to operate it in the fishing industry and to deliver all catches of fish to Sun Harbor Packing Company; that at the time of the filing of this action the vessel arrived in the port of San Diego with a load of fish and proceeded to deliver it to Sun Harbor Packing Company in fulfillment of such contract, but plaintiffs obtained a restraining order from the Superior Court enjoining her from delivering to Sun Harbor Packing Company or to anyone except Westgate Sea Products Co. more than 40 per cent of the fish caught on such voyage; that accordingly, 60 per cent was delivered to Westgate Sea Products Co. and 40 per cent to Sun Harbor Pack-

ing Company; that thereafter and prior to the trial of the cause the vessel returned to the port of San Diego with another load of fish and plaintiffs applied for a similar restraining order affecting such load of fish, but the court declined to issue the same, whereupon defendant delivered the full load of fish to Sun Harbor Packing Company, and ever since has continued to make such delivery in accordance with her agreement with said company; that at the time of rendition and entry of the judgment above mentioned the vessel Dependable was on the high seas engaged in its customary business of fishing for tuna and albacore pursuant to the orders of defendant and pursuant to agreement for delivery of its catch to Sun Harbor Packing Company; that at no time since the rendition and entry of said judgment has she made any change in those orders or in her agreement; that on the 12th of October, 1943, the vessel returned to its home port of San Diego with a load of fish, and, with the approval of the defendant, but without any affirmative action or direction on her part, delivered said fish to Sun Harbor Packing Company; that thereafter plaintiffs caused an order to be issued out of the superior court requiring defendant to appear on October 25th to show cause why she should not be punished for contempt by reason of such delivery; that she, through her attorneys, thereupon moved to quash such order on the ground that the court had no jurisdiction to hear the same or to punish her for contempt; that such motion was on October 25, 1943, heard by the trial judge who tried the original action and rendered the original judgment; that the judge thereupon denied the motion to quash and directed the defendant to appear before him on November 15, 1943, for the hearing of the contempt proceeding upon its merits. It is then alleged in paragraph IV that unless restrained by this court, the trial judge will proceed to try such issue of contempt and undertake to punish defendant for the alleged violation. It is then alleged that the defendant has complied with all provisions of the judgment which were not stayed by the appeal. It is claimed that plaintiffs and the court are seeking to invoke contempt proceedings to enforce a mandatory injunction on the judgment requiring her to deliver the fish caught by the vessel Dependable to Westgate Sea Products Co., and to none other, and that the trial court is without jurisdiction to compel obedience to that portion of such judgment.

Plaintiffs admit generally the above allegations, and allege that from May 6, 1938, up to and including July 27, 1943, all tuna caught by the vessel Dependable was delivered to Westgate Sea Products Co., and that no tuna caught by that vessel was delivered to Sun Harbor Packing Company, or to any other packing company; that on July 27, 1943, the vessel arrived in port with a load of fish and proceeded to take the same to the dock of the Sun Harbor Packing Company, but that before said fish could be delivered to that company plaintiffs obtained a restraining order enjoining defendant from delivering to Sun Harbor Packing Company or to anyone except Westgate Sea Products Company, more than 40 per cent of the fish caught on the voyage; and that therefore 60 per cent of the load of fish was delivered to Westgate Sea Products Co.

Plaintiffs admit the allegations of paragraph IV of the petition and allege that on November 15, 1943, the parties to this proceeding stipulated in open court that a hearing on the contempt proceeding might be continued until this court should have an opportunity to pass upon this petition. Plaintiffs admit that they and the superior court are seeking to invoke contempt proceedings to enforce the provisions of the judgment.

It is contended by petitioners herein that the judgment was mandatory in character and that it was therefore stayed by the appeal. (*Pomin* v. *Superior Court*, 44 Cal. App.2d 206 [112 P.2d 17], and cases there cited.) Whether an injunction or decree is prohibitory or mandatory in character is not always easy of determination and what may appear to be negative or prohibitory frequently upon scrutiny proves to be affirmative and mandatory. (*Byington* v. *Superior Court*, 14 Cal.2d 68, 70 [92 P.2d 896].)

We therefore must analyze the effect of the quoted provision of the judgment to determine whether or not its provisions were or were not stayed pending the appeal.

We do not have before us the record on appeal in the original action and therefore do not endeavor to pass upon the propriety or correctness of the trial court's action in rendering the quoted portion of the judgment respecting the catch of fish and the subsequent delivery of it by means of the vessel Dependable. That question, no doubt, will be presented and considered on its merits at the proper time. The only question here to be decided is whether the judgment, as rendered, is mandatory or prohibitory in character.

■ An injunction or decree is purely prohibitory, which merely has the effect of preserving the subject of the litigation *in status quo*, while, in general, an injunction or decree is mandatory if it has the effect of compelling the performance of a substantive act and necessarily contemplates a change in the relative position or rights of the parties *at the time the injunction is granted or the decree entered.* Hence, if the injunction compels a party affirmatively to surrender a position which he holds and which upon the facts alleged by him he is entitled to hold, it is mandatory. (*Clute* v. *Superior Court,* 155 Cal. 15 [99 P. 362, 132 Am.St.Rep. 54]; *Mark* v. *Superior Court,* 129 Cal. 1 [61 P. 436]; *Foster* v. *Superior Court,* 115 Cal. 279 [47 P. 58]; 14 Cal.Jur. p. 179, sec. 6.) Plaintiffs cite many cases to this effect. Defendant concedes this to be the general rule. In the light of this rule we will therefore analyze the allegations admitted in the petition. ■ It is stated that until May 6, 1943, Westgate Sea Products Co. held a contract with defendant to deliver all catches of fish to it and that such contract expired on that date. The record before us does not disclose that defendant was obligated to deliver fish to the Westgate Sea Products Co. thereafter under any contract. She was free to contract for the sale and delivery of fish from the vessel Dependable with any other packing company. The petition recites that as soon as the contract with Westgate Sea Products Co. expired defendant thereupon ''contracted to deliver the catch of such vessel thereafter to Sun Harbor Packing Company,'' and that on July 27, 1943, she was in the process of making a delivery of fish under the contract when she was restrained, in part only, from so doing. A 40 per cent delivery was made to Sun Harbor Packing Company under permission of the court and plaintiffs apparently made no objection to such an order. The petition recites further than ''during the pendency of such action she continued to make delivery to Sun Harbor Packing Company and desires that such delivery shall continue''; that prior to the trial she delivered a full load of fish to that same company after a restraining order had been refused; that when the judgment was entered the vessel was on the high seas engaged in its customary business of fishing pursuant to defendant's agreement to deliver more of its catch to Sun Harbor Packing Company; that no voluntary deliveries were being made or had been made to Westgate Sea Products Co. since defendant's con-

tract was entered into between her and the Sun Harbor Packing Company.

From these allegations it clearly appears that *at the time the decree was entered or injunction granted,* a contract had been made for delivery of the fish to the Sun Harbor Packing Company and that delivery had been and was being made in compliance therewith; that the judgment reciting that defendant be restrained from delivering to Sun Harbor Packing Company or to anyone other than Westgate Sea Products Co. is but another means of stating that defendant must cease delivering to Sun Harbor Packing Company and must deliver fish to Westgate Sea Products Co. The result and effect of the decree is not only mandatory in character but compels the performance of a substantive act and also contemplates a change in the relative position or rights of the parties which existed *at the time the decree was entered.* The terms of the decree under consideration being mandatory in effect, the perfection of the appeal operated to automatically stay proceedings in the lower court in reference thereto and the trial court was and is without jurisdiction to compel obedience to that portion of the decree. (*Feinberg* v. *One Doe Co.,* 14 Cal.2d 24 [92 P.2d 640]; *Food & Grocery Bureau* v. *Garfield,* 18 Cal.2d 174 [114 P.2d 579]; *Smith* v. *Smith,* 18 Cal.2d 462 [116 P.2d 3]; *Pomin* v. *Superior Court, supra; Clute* v. *Superior Court, supra; Ohaver* v. *Fenech,* 206 Cal. 118 [273 P. 555]; *Schwarz* v. *Superior Court,* 111 Cal. 106, 113 [43 P. 580]; *Byington* v. *Superior Court, supra.*)

Writ granted as prayed for in the petition.

Barnard, P. J., and Marks, J., concurred.