[Civ. No. 5101. Fourth Dist. Oct. 5, 1954.]

MARY JUNE WILLIAMS, Respondent, v. FRANCIS LACELLE WILLIAMS, Appellant.

F. W. Powell and H. Bartlett Sayer, Jr., for Appellant.

Nottbusch & Nottbusch and Frank H. Nottbusch, Jr., for Respondent.

GRIFFIN, J.—In an action for divorce commenced by plaintiff Mary June Williams against her defendant and cross-complainant husband, Francis Lacelle Williams, an ex parte order to show cause was obtained by plaintiff against defendant requiring him to show cause why plaintiff should not be awarded the sole custody of the minor children of the parties during the pendency of the action, why he should not pay $175 per month for their support and maintenance, and why plaintiff should not be awarded exclusive possession of their family home.

Defendant's counsel appeared and represented that defendant was then in possession of the home, had the care and custody of the children, and that plaintiff was living elsewhere at the time.

The court entered its order, dated August 18, 1954, which in effect ordered defendant to vacate the property, remove himself therefrom by August 21st, surrender the custody of the children to plaintiff, and pay $150 per month for their support.

Defendant refused to move from the premises and on August 23d, 1954, filed a notice of appeal from said order. On August 24th, 1954, plaintiff filed an application for an order to show cause re contempt against defendant for his failure to remove from said premises as ordered and require that he show cause why he should not pay attorney's fees, etc., forthwith.

A temporary stay of further proceedings in reference to the contempt order is here sought and particularly in reference to that part of the order requiring the defendant to remove himself from the home on the theory that the order, in effect, was a mandatory injunction and was stayed by filing the notice of appeal therefrom.

At the hearing and after argument before this court it appears that the cause of action is at issue and ready for trial, and that further investigation was then being made by the trial judge in reference to the fitness of the parties as to the custody of the minor children.

In *Smith* v. *Smith*, 18 Cal.2d 462 [116 P.2d 3], it was held that in the absence of a statutory provision to the contrary, the enforcement of a mandatory injunction is stayed by the perfection of an appeal (Code Civ. Proc., § 949) and that an order requiring a defendant to move from the family home forthwith is in the nature of a mandatory injunction and accordingly the trial court is without jurisdiction to adjudge a defendant guilty of contempt for violating such an order. Since the remaining portion of the order is for the payment of money an undertaking is necessary to accomplish a stay of execution. (Code Civ. Proc., § 942; *Smith* v. *Smith, supra,* p. 467.)

It is therefore ordered that a writ of supersedeas issue commanding the plaintiff to refrain, pending a decision on the appeal, from taking any proceedings on that portion of the order directing petitioner to vacate the family home.

Writ granted.

Barnard, P. J., concurred.