[Civ. No. 22229.  Second Dist., Div. Two.  Mar. 8, 1957.]

PHILIP F. JOHNSTON et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents; CITY OF CLAREMONT, Real Party in Interest.

Harry R. Roberts for Petitioners.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, for Respondents.

William G. Bergman, Jr., City Attorney (Claremont), Burke, Williams & Sorensen and Royal M. Sorensen for Real Party in Interest.

RICHARDS, J. pro tem.*—This is a proceeding in certiorari to review an order of respondent court finding the defendants not in contempt for violation of the injunctive provisions of a judgment of respondent court.

Petitioners are new and used-car dealers and are the owners of certain real property in the city of Claremont. On April 17, 1951, the property in question was zoned by Ordinance Number 441 as R-1, single family residence, and on December 14, 1954, it was rezoned by Ordinance Number 513 as C-2, commercial use, which includes automobile sales and service. A referendum election on May 3, 1955, resulted in the defeat of Ordinance Number 513. Thereafter petitioners filed their action in respondent court against the city of Claremont, its five councilmen, city attorney, and three building inspectors, and a judgment in favor of petitioners was entered on March 27, 1955, declaring the referendum proceeding void and decreeing that the petitioners were entitled to use their property for the conduct of an automobile dealership business pursuant to Ordinance Number 513. The injunctive provisions of the

*Assigned by Chairman of Judicial Council.

judgment are: "That so long as said Ordinance No. 513 of defendant City of Claremont remains in force and effect, plaintiffs, . . . shall have a clear legal right to the issuance . . . of a permit or permits to erect and maintain such building or buildings as requested in said application or applications so presented." And further, "that so long as said Ordinance No. 513 of defendant City of Claremont remains in force and effect, the . . . defendants . . . are hereby forever restrained and enjoined from interfering in any manner with plaintiffs, . . . in using said Boulevard Frontage for an automobile dealership or using the same for any other commercial uses as authorized and permitted in a C-2 Zone."

Defendants appealed from the judgment and the appeal is now pending. After the judgment was entered, petitioners paid the permit fee and made several unsuccessful demands for the issuance of a building permit. On June 27, 1956, and without a building permit having been issued, the petitioners began the construction of a commercial building on the property in accordance with the plans previously approved by the city. On July 3, 1956, upon the complaint of one of the building inspectors, a complaint was issued against the petitioner Philip F. Johnston charging him with a misdemeanor in erecting a building upon the property without first having obtained a permit, and the trial is still pending. On July 9, 1956, the city of Claremont filed an action against the petitioners to enjoin them from erecting the commercial building upon the property until a permit had been obtained. Demurrers to the complaint were sustained and upon failure to amend a judgment of dismissal was entered. On July 26, 1956, the defendants applied for a writ of supersedeas to stay the enforcement of the judgment now before us. This application was denied without opinion.

The contempt proceeding was instituted by the filing of an affidavit made by petitioner Philip F. Johnston which charged that the defendants had violated the injunction by their refusal to issue a building permit; by the filing of the misdemeanor proceeding; by the filing of the injunction action against the petitioners and by the filing of the application for a writ of supersedeas. Upon this affidavit the superior court issued an order directing the defendants to show cause why they should not be punished for contempt of court because of the acts assertedly committed in violation of the injunction.

Upon the hearing of the order to show cause the only evidence offered consisted of a certified copy of the judgment

roll in the injunction action brought by the defendant city of Claremont; the complaint in the misdemeanor proceeding; a copy of the approved plot plan submitted to the building inspector, and a certified copy of the general zoning ordinance of the city of Claremont. The court thereafter filed its "Memorandum of Opinion" and found "that the defendants are not in contempt of court, and they are ordered discharged." It appears that although the court did not refuse to hear the contempt proceeding on its merits, it did not pass on the merits of the proceeding and made its order discharging the alleged contemnors solely on the ground that the injunctive provisions of the judgment were mandatory in character and therefore stayed by the pending appeal. By this proceeding, petitioner seeks to annul that order upon the ground that the respondent court having jurisdiction refused to exercise its jurisdiction in the determination of the contempt proceeding (*Taylor* v. *Superior Court*, 20 Cal.2d 244, 246 [125 P.2d 1]).

It is well settled that a prohibitory injunction is not stayed by an appeal therefrom, while an injunction mandatory in character is automatically stayed by appeal. (*Food & Grocery Bureau* v. *Garfield*, 18 Cal.2d 174, 176 [114 P.2d 579]; *Byington* v. *Superior Court*, 14 Cal.2d 68, 70 [92 P.2d 896]; *Ohaver* v. *Fenech*, 206 Cal. 118, 121 [273 P. 555].) The only question which we are called to pass upon is whether the injunctive provisions of the judgment upon which the alleged contempt was predicated are mandatory or prohibitory in character.

At the time the decree herein was granted, Ordinance Number 513, zoning the petitioners' property for commercial purposes, stood repealed by the referendum proceedings and the petitioners' property was therefore subject to Ordinance Number 441 limiting the use thereof to residential purposes. The decree under consideration declared that the referendum proceedings were void and that the petitioners had the right under Ordinance Number 513 to the issuance of a permit to erect a building within the authorized uses of a C-2 zone and restrained the defendants from interfering with the petitioners in the use of their property within the authorized uses of a C-2 zone. Thus it appears that the decree did not have the effect of merely preserving the subject of the litigation *in statu quo* but that it effected a change in the relative position and rights of the parties by compelling the defendants to surrender their position that the use of the property was

limited by Ordinance Number 441 to residential purposes and compelled the defendants to accord to the plaintiffs, under Ordinance Number 513, the rights of an owner of property within a C-2 zone to use their property for commercial purposes which included the right to a permit upon compliance with existing ordinances and the right not to be interfered with in the commercial use of their property.

An injunction is prohibitory which merely has the effect of preserving the subject of the litigation *in statu quo,* while, in general, an injunction is mandatory if it has the effect of compelling the performance of a substantive act and necessarily contemplates a change in the relative position or rights of the parties at the time the injunction is granted or the decree entered. Hence if the injunction compels a party affirmatively to surrender a position which he holds and which upon the facts alleged by him he is entitled to hold, it is mandatory (*City of Pasadena* v. *City of Alhambra,* 75 Cal.App.2d 91, 95 [170 P.2d 499] ; *Ambrose* v. *Alioto,* 62 Cal. App.2d 680, 685 [145 P.2d 32] ; *Pomin* v. *Superior Court,* 44 Cal.App.2d 206, 209 [112 P.2d 17]).

In *Stewart* v. *Superior Court,* 100 Cal. 543 [35 P. 156, 563], certiorari was sought to annul an order of contempt based on a judgment which ordered the defendants to refrain from interfering with the plaintiff in making a connection of his water pipe with the water pipe line of the defendants and from interfering with a specified flow of water from defendants' pipe line. After an appeal had been filed, the plaintiffs connected their water line to that of the defendants and the defendants thereupon broke the connection and for this act were adjudged guilty of contempt. In annulling the contempt order, the court said at page 547: "An injunction, though restrictive in form, if it have the effect to compel the performance of a substantive act, is mandatory, and necessarily contemplates a change in the relative positions or rights of the parties from those existing at the time the injunction is granted, or the decree is entered."

In *Byington* v. *Superior Court,* 14 Cal.2d 68 [92 P.2d 896], a proceeding in certiorari to review an order of the trial court adjudging petitioners guilty of contempt, the judgment decreed that the defendant city had a prescriptive right to store a specified amount of water and enjoined it from storing water in excess of such amount. The alleged contempt consisted of storage of water in excess of the amount allowed under the decree. In annulling a finding of con-

tempt, the court said at page 73: "We are of the view, therefore, that in so far as the injunctive decree of the respondent court undertook to and did preclude the exercise by the city of its appropriative rights in and to the excess waters of the Tuolumne River it was affirmative or mandatory in character, within the meaning of the authorities, and was therefore automatically stayed by the appeal therefrom and the action of the city and petitioners, pending the appeal, in diverting and storing excess waters to the capacity of the enlarged reservoir was not contemptuous and the order characterizing and punishing it as such was in excess of the respondent court's power and jurisdiction and must be annulled."

■ We conclude that the injunctive provisions of the judgment are mandatory in character and thus stayed by the pending appeal and that the respondent court was without jurisdiction in the contempt proceeding other than to discharge the alleged contemnors.

The order is affirmed.

Fox, Acting P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied April 3, 1957, and petitioners' application for a hearing by the Supreme Court was denied May 1, 1957. Schauer, J., was of the opinion that the petition should be granted.