[Civ. No. 23338. Second Dist., Div. Three. Nov. 12, 1958.]

MUSICIANS CLUB OF LOS ANGELES (a Nonprofit Corporation) et al., Petitioners, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; RAY TOLAND et al., Real Parties in Interest.

Wirin, Rissman & Okrand for Petitioners.

No appearance for Respondent.

Swerdlow, Glikbarg & Nicholas for Real Parties in Interest.

NOURSE, J. pro tem.*—Petitioners seek a peremptory writ of prohibition commanding the respondent court to desist and refrain from further proceedings on an order issued by it to the individual petitioners to show cause why they should not be punished for contempt of an order of the respondent court in the proceeding entitled *Musicians Club of Los Angeles, et al.* v. *Eliot Daniel* and others by which the petitioners were enjoined from exercising any authority as officers or directors of Musicians Club of Los Angeles.[1]

The facts are not in dispute. They are: The Musicians Club of Los Angeles is a nonprofit corporation organized and existing under the laws of this state. The bylaws of this corporation provides for seven directors to be elected annually on the first Thursday in March of each year. They further provide that the seven nominees receiving the highest number of votes cast ''shall be declared duly elected by the incumbent Board of Directors at its next meeting, and shall immediately on the result of the vote being announced take their seats as Directors of the Corporation for the ensuing term . . .''

The bylaws further provide that ''no member shall be eligible to a seat on the Board of Directors unless he or she is a citizen of the United States and has been an active member

---

*Assigned by Chairman of Judicial Council.

[1]The Musicians Club of Los Angeles, a California corporation, is not properly a petitioner here as it is not one of the parties ordered to show cause *in re* the alleged contempt. By the use of the word ''petitioners'' we refer only to the individuals named.

of this Corporation in good standing for one year prior to election.''

In March 1957 a board composed of the petitioners Daniel, Herman, Harris and Berman and the real parties in interest, respondents here, Toland, Ulyate and Cram were elected and composed the board of directors of the corporation. On March 6, 1958, an election was held in accordance with the club's constitution and bylaws and the real parties in interest, respondents here, Toland, Barker, DeRosa, Ulyate, Cram, Evans and Lott received the highest number of votes. Petitioners Daniel, Berman and Herman, Harris, Tranchitella and Brown, were candidates for election to the board but were defeated. On March 6, 1958, and at all times thereafter until April 2, 1958, the real parties in interest here, Toland et al., were eligible to hold office as directors.

A meeting of the board of directors of the corporation was scheduled for March 20, 1958, but was cancelled by petitioner Daniel purporting to act as president of the corporation. On April 2, 1958, after a hearing held before the board of directors of Musicians Mutual Protective Association, Local 47, A. F. of M. (hereinafter called ''union''), of which board petitioners Daniel, Tranchitella, Herman, Harris and Berman were members, a resolution was passed suspending as members of said union, real parties in interest here, Barker, Cram, Evans, DeRosa, Lott and Ulyate.

Section 5 of the bylaws of the Musicians Club provides in substance that if any member of the club ceases to be a member in good standing of the union he thereby ceases ipso facto to be a member of the club. On April 3, 1958, petitioners Daniel, Herman, Toland and Berman convened at the corporation's offices. At that time Daniel announced to those present the fact of the suspension of Barker, Cram, Evans, DeRosa and declared that they were therefore ineligible to be seated as directors of the corporation and that two vacancies existed in the board of directors and petitioners Tranchitella and Brown were elected by the votes of Herman, Berman and Daniel to fill said vacancies.

On April 16 the real parties in interest commenced the aforesaid action against petitioners here pursuant to the provisions of section 2236 of the Corporations Code praying that real parties in interest here be declared the duly elected directors of the corporation (Musicians Club) and that petitioners here be enjoined from asserting claims to the office of director.

After the trial of this action the court found the facts as

hereinbefore stated. It further found that petitioners having been defeated for reelection "may not retain their offices unless elected at a new election to be called . . ." In its conclusions of law the court found that the petitioners here might not continue in office as directors of the Musicians Club; that the plaintiff Toland (real party in interest, respondent here) was a duly elected director of the Musicians Club for the term ending March 1959; that a new election should be conducted immediately for the purpose of selecting six additional members of the board of directors. By its judgment the court further decreed that Toland was a duly elected and qualified director of the Musicians Club for the term commencing April 3, 1958, that an election should be held on June 26, 1958, for the purpose of electing six members of the board of directors of the Musicians Club. The decree further outlined the steps to be taken in the nominating of candidates for the office of director, the printing of ballots, etc. and decreed that the petitioners here and Toland should canvass the ballots cast at the election held in accordance with the court's decree and should on July 3, seat the six persons elected.

It finally decreed as follows: "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants and each of them are permanently restrained and enjoined after July 3, 1958 from exercising any authority as an officer or director of the Musicians Club of Los Angeles pursuant to their election of March 1957 or the appointment of April 3, 1958 as the case may be." This decree was entered on the 22d of May, 1958, and on May 29th of that year petitioners here filed a notice of appeal therefrom.

Petitioners ignored all of the orders of the court set forth in said decree and have continued to assert their right to act as directors of the corporation. On July 25, 1958, the respondent court issued its order requiring each of the defendants (petitioners here) to show cause why they should not be punished for violation of the paragraph of the judgment above quoted.

Petitioners contend that the paragraph of the decree which they are charged with having violated, while prohibitory in terms, is mandatory in effect and is but ancillary to the remainder of the judgment and that the effect of that judgment is to oust them from the offices they held as incumbent directors under their election in 1957 and as to Tranchitella and Brown to oust them from the offices to which they were

appointed by the others who claim to be directors. They therefore claim that the appeal from the judgment as a whole operated as a statutory supersedeas and that therefore the respondent court was without jurisdiction to enforce the paragraph of the judgment above quoted.

The parties are agreed that if the order, for alleged violation of which the petitioners are cited, is mandatory in effect even though prohibitory in terms, its operation as a judgment of the court was automatically stayed by the appeal from the whole of the judgment and that the respondent court was without jurisdiction to enforce the order in question. If it is without jurisdiction then it is the duty of this court to stay any action by the respondent court.[2]

An order enjoining action by a party is prohibitory in nature if its effect is to leave the parties in the same position as they were prior to the entry of the judgment. On the other hand, it is mandatory in effect if its enforcement would be to change the position of the parties and compel them to act in accordance with the judgment rendered. (*Foster* v. *Superior Court*, 115 Cal. 279, 284-285 [47 P. 58] ; *Ambrose* v. *Alioto*, 62 Cal.App.2d 680, 685 [145 P.2d 32].)

While it is not within our province to pass upon the merits of the appeal which is pending, it is necessary to here determine what the status of the petitioners was at the time of the entry of the decree. If petitioners were directors, either de jure or de facto, the effect of the enforcement of the injunctive provisions of the decree would be to change their status and would, therefore, be mandatory. If, on the other hand, they were not directors but only usurpers of the office of director the enforcement of the decree will not change the status quo.

It is undisputed that petitioners were defeated for election to the offices of directors at the election held on March 6, 1958. It is further undisputed that the real parties in interest, respondents here, were elected as directors at that time and that each of them was qualified and eligible to act as a director and remained so qualified at the time of the next scheduled meeting of the board on March 20, 1958.

[2]Petitioners are not entitled to a writ of prohibition as they have an adequate remedy by appeal and application for supersedeas. (Code Civ. Proc., § 1103, *Smith* v. *Smith*, 18 Cal.2d 462, 466 [139 P.2d 84]; *Moon* v. *Superior Court*, 59 Cal.App.2d 447, 450 [116 P.2d 3] and cases there cited.) We have therefore, elected to treat the petition here as one for a writ of supersedeas inasmuch as the effect of that writ or one of prohibition is, in this case, the same.

On March 20 it was the duty of the old board acting as an election board to declare the results of that election. Their duties in this regard, there being no question as to the validity of the election or as to petitioners having been defeated, and there being no question but that the real parties in interest, respondents here, had been elected, were purely ministerial. In refusing to perform their duty to meet as an election board and to perform their ministerial duty of declaring the established fact of the election of the real parties in interest, they acted wrongfully. They could not by their own wrong defeat the will of the majority of the members of the corporation and deny to the real parties in interest their offices as directors and perpetuate themselves in office. The law regards as done that which ought to have been done and will not permit one to take advantage of his own wrong. (Civ. Code, § 3529, 3517.)

The result is that the real parties in interest, respondents here, became the directors of the corporation and the petitioners ceased to be the directors when petitioners wrongfully refused to perform their ministerial duties.

Whether the suspension of all of the members of the new board of directors other than Toland as members of the union operated automatically to remove them as directors of the corporation or merely rendered them subject to being removed as directors need not be decided here;[3] for in either event the petitioners were not restored to the offices which they formerly held.

If, as seems implicit in the judgment rendered by the trial court, all of the new directors other than Toland ceased to hold office as directors immediately upon their suspension from membership, the result was that the only remaining director of the corporation was Toland and he, of course, until the election of other directors, could not function.

The injunctive portions of the decree did not operate to change the status of petitioners but only enjoined them from asserting rights which they did not have at the time of the commencement of the action or the entry of the judgment.

The petition is denied.

Shinn, P. J., and Vallée, J., concurred.

---

[3] Cf. 2 Fletcher's Encyclopedia, §§ 305, 341.