[Civ. No. 10245.   Third Dist.   June 7, 1961.]

F. ELWOOD DOSCH, Respondent, v. BRUCE E. KING, Appellant.

Bradford, Cross, Dahl & Hefner for Appellant.

Carl Kuchman for Respondent.

SCHOTTKY, J.—Bruce E. King seeks a writ of supersedeas to stay the enforcement of an injunction pendente lite which prohibited him from:

1. Representing himself to be The Dosch Company, or the owner thereof.

2. Being on or about the premises of the company, or using any of the equipment, or records, or other property of the company.

3. Approaching or soliciting for business purposes any of the customers of The Dosch Company.

4. Collecting or withholding from The Dosch Company any funds due it, and forbidding him to enter the post-office box of the company.

5. Interfering in any manner with the operation of the company.

6. Withdrawing funds of The Dosch Company on deposit at any bank.

7. Withholding from F. Elwood Dosch the premises where the business is operated and any records, material or equipment which belong or pertain to the operation of The Dosch Company.

It is alleged in the petition that on August 1, 1960, petitioner, Bruce E. King, and F. Elwood Dosch entered into an oral contract whereby King agreed to purchase The Dosch Company, a sign-painting business. In reliance upon the oral contract King entered into a long-term lease of certain real property at a rental of $635 per month. Certain equipment of the company was moved to the new premises and operations commenced with King as owner and Dosch as an employee. Some time prior to March 10, 1961, Dosch commenced an action in the superior court in which it was alleged that King had breached the contract by failing to pay the purchase price as agreed and that King never intended to perform the contract. An injunction was also sought, and on March 20, 1961, after a hearing, the trial court issued an injunction pendente lite. An appeal has been taken and supersedeas is now sought.

As exhibits to his petition, petitioner King filed declarations of Ivanhoe T. Gibson, Virginia Kolaitis and Howard Newman. These were to the general effect that Dosch was incompetent to properly manage the business and that the business of the company would suffer and deteriorate if Dosch regained control of it.

In his opposition to the petition Dosch alleged that he had operated The Dosch Company since 1929 either as a sole proprietorship or as one of two copartners; that King induced Dosch to agree to sell him the business in the summer of 1960, at a time when the location of the business was being moved following a fire; that they agreed on a purchase price as follows: (a) goodwill, $15,000; (b) equipment as appraised; and (c) the amount spent to set up the business at the new location.

Dosch alleged further that the last amount was to be paid upon the establishment of the business at the new location; that the cost of reestablishment of $33,279.12, the appraisal $43,500, and the total purchase price $93,469.12; that King has not paid any part of the purchase price; that upon demand by Dosch for payment King told Dosch that he had

no money to pay but that if he were made the owner of the business he could borrow money; and that King has never been in possession or control of the company but that the business has been operated as a sole proprietorship by Dosch.

In support of his opposition to the petition for supersedeas, Dosch filed the affidavits of Jean W. Dosch and John C. Logan.

The affidavit of Jean W. Dosch was to the effect that she is the wife of F. Elwood Dosch, and throughout the year 1960, and for several years prior thereto, she was, and still is, the office manager of the Dosch Company and that the books have at all times been in her custody as office manager; that defendant King at no time obtained any data from the books of The Dosch Company for the purpose of preparing income tax returns of the company for 1960; and that throughout 1960, and to date for the year 1961, the withholding and social security taxes on employees of the company, and all state unemployment and disability contributions of employees, have been paid by Dosch with the money of Dosch; that early in January 1961, at a time when F. Elwood Dosch was in the hospital, appellant King went to the United States Post Office at 9th and I Streets in Sacramento, at which post office was located Box 1084, which had been in the name of The Dosch Company for many years and upon which the rent had been paid by Dosch for a term to and including June 30, 1961, and represented that he owned The Dosch Company and that Post Office Box 1084 should be closed, and then and there signed whatever appropriate forms the post office uses for the purposes of terminating the post-office box as the address of The Dosch Company, and directed the postal authorities to send all The Dosch Company mail to Post Office Box 4484, Town and Country Branch, Sacramento, California; that Post Office Box 4484, Town and Country Branch, Sacramento, California, is a post-office box in the name of defendant Bruce E. King, doing business as The Dosch Company; that as a result of these actions The Dosch Company, and The Dosch Company business, has suffered great and severe hardship in that its mail has been thus diverted, including payments for work done, orders for work to be done, bills for materials purchased, and all other business transactions conducted by mail are lost to it.

The affidavit of John C. Logan was to the effect that he and his wife were the owners of the property at 1704 Kathleen Avenue, North Sacramento; that on or about the month of

August 1960 he negotiated with F. Elwood Dosch a lease upon said premises for the purpose of setting up a sign painting business upon it known as The Dosch Company; that in connection with said negotiations he met Bruce King and it was orally discussed in his presence between F. Elwood Dosch and Bruce King what name should appear upon the lease as lessee; that in his presence and hearing it was orally agreed between F. Elwood Dosch and Bruce King that because Bruce King was going to purchase the business in a few months the lease might as well be made with his name on it, and upon that basis the name Bruce King was inserted in the final draft of the lease as lessee. That except for the first month's rent and the last month's rent which were to be paid in advance as part of the provisions of the lease each monthly installment of rent has been paid by The Dosch Company; that for the installment of rent payable in advance for the month of April 1961 affiant received two rent checks, one from The Dosch Company and one from Bruce King; that he deposited the rent check from Bruce King for collection and the same was returned to him by the bank where the same was so deposited, marked "Not Sufficient Funds"; that he deposited the rent check of The Dosch Company, signed by F. Elwood Dosch, for collection and the same cleared the bank and the monies payable thereon were credited to the account of affiant.

An injunction is prohibitory if it merely has the effect of preserving the subject of the litigation *in statu quo,* while generally it is mandatory if it has the effect of compelling performance of a substantive act and necessarily contemplates a change in the relative rights of the parties at the time injunction is granted. If an injunction compels a party to surrender a position he holds and which upon the facts alleged by him he is entitled to hold, it is mandatory. (*Johnston* v. *Superior Court,* 148 Cal.App.2d 966 [307 P.2d 946]; *Ambrose* v. *Alioto,* 62 Cal.App.2d 680 [145 P.2d 32].) An injunction is prohibitory if its effect is to leave the parties in the same position as they were prior to the entry of the judgment, while it is mandatory in effect if its enforcement would be to change the position of the parties and compel them to act in accordance with the judgment rendered. (*Musicians Club of Los Angeles* v. *Superior Court,* 165 Cal.App.2d 67 [331 P.2d 720].)

If King were in possession of the business under the contract of sale, his ouster would compel a change in a position he held and the injunction would be mandatory. If Dosch

never surrendered possession of the business, and if the contract were executory, then it would seem the injunction was prohibitory.

The affidavits filed in this proceeding show a conflict in the evidence as to the factual situation. However we believe that a preponderance of the evidence indicates that the oral contract in this case was purely executory and contingent and was to be effective only if, as and when appellant King performed by his payment of part of the purchase price about the first of this year. This he never did, but nevertheless claims that respondent Dosch is bound to turn over his business without receiving any part of the consideration promised. Appellant's connection with the business appears to have started the previous summer or fall when he negotiated for the purchase. The evidence indicates that he tried to take over control of the business but that he only partially succeeded. Appellant has paid nothing and there is evidence that he indicated to respondent that he had no money to pay.

While the record of the hearing before the trial court is not before us, we must assume that the record was sufficient for the trial court to determine that appellant had not taken possession of the business under the agreement and that therefore respondent was entitled to a preliminary injunction. The trial court has granted a preliminary injunction restraining appellant from interfering with said business pendente lite. Under the circumstances appearing from the record, we do not believe that the granting of supersedeas would be a proper exercise of our discretion, and accordingly the petition for a writ of supersedeas is denied and the stay order heretofore issued is discharged.

Van Dyke, P. J., and Peek, J., concurred.